IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PATRICIA PITTS,

    Plaintiff,                                  CASE NO.:

v.

PALAZZO OWNERS ASSOCIATION, INC.

    Defendants.

_____/

## DEFENDANT'S NOTICE OF REMOVAL
## TO UNITED STATES DISTRICT COURT

Defendant, PALAZZO OWNERS ASSOCIATION, INC., by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files this Notice of Removal of this cause from the Circuit Court of the First Judicial Circuit in and for Bay County, Florida to the United States District Court for the Northern District of Florida, Panama City Division, and allege as follows:

## BACKGROUND OF CASE
## AND TIMELINESS OF REMOVAL

1.    On August 25, 2020, PATRICIA PITTS ("Plaintiff") commenced a civil action, entitled *Patricia Pitts v. Palazzo Owners Association, Inc.*, by filing a Complaint in the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County, Florida (the "State Court Action").   A true and correct copy of the

Complaint in the State Court Action is attached hereto as Exhibit "A." Defendant denies the allegations asserted in the Complaint.

2.    This matter concerns a claim for personal injuries arising from a fall down a flight of stairs on Defendant's property. The Complaint in the State Court Action seeks, *inter alia*, damages for personal injury with general allegations of damages to meet the jurisdictional threshold for Florida Circuit Court.

3.    Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

4.    The basis for this removal to federal court is diversity of citizenship pursuant to 28 U.S.C. § 1332 because (1) there is complete diversity of citizenship between Plaintiff and all properly named Defendant, and (2) the amount in controversy exceeds $75,000.00 with respect to Plaintiff's claims against Defendant.

5.    Pursuant to 28 U.S.C. § 1446(b)(3), this removal is timely because Defendant has filed this Notice of Removal within 30 days of service of the Complaint setting forth the claim for relief upon which such action or proceeding is based. See *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344 (1999). Thus, this removal is timely.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

## THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332

1.      Pursuant to 28 U.S.C. § 1441(a), a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants."   As explained below, this Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a)(2) because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state."  28 U.S.C. § 1332(a)(2).

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

2.      Plaintiff, Patricia Pitts, resides in Baton Rouge, Louisiana, and is domiciled in the State of Louisiana.  Therefore, for jurisdictional purposes, Plaintiff is a citizen of the State of Louisiana.

3.      Defendant, Palazzo Owners Association, Inc., is a corporation, incorporated in Florida. Its headquarters are located in Panama City, Bay County, Florida.  Therefore, for jurisdictional purposes, Defendant is a Citizen of Florida.

4.      Accordingly, there is complete diversity of citizenship between the parties to this action under 28 U.S.C. § 1332(a)(2) because Plaintiff is a citizen of Louisiana and Defendant is a citizen of Florida.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

5.     When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court." *Caterpillar, Inc. v. Williams*, 519 U.S. 61, 68 (1996).

6.     In 2011, Congress passed the Federal Courts Jurisdiction and Venue Clarification Act ("JVCA"), which "clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).

7.     As a general rule under the JVCA, when removal is based upon diversity of citizenship jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 328 U.S.C. § 1446(c)(2). However, as an exception to the rule, notices of removal may assert the amount in controversy of the initial pleadings seeks a money judgment, "but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded" and "the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." *Id.* §§ 1446(c)(2)(A), (B).

8.     Notices of removal must plausibly allege the jurisdictional amount under 28 U.S.C. § 1332, not prove the amount. *Dart,* 135 S.Ct. at 554.

9.      While the Complaint does not specifically quantify Plaintiffs' damages in accordance with State practices, the Plaintiff's attorney will likely allege the amount in dispute exceeds the jurisdictional threshold of this Court, exclusive of interest and cost.

10.     Based upon the foregoing, the preponderance of the evidence indicates that the amount in controversy exceeds the sum of $75,000.00, as provided in 28 U.S.C. § 1332.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

11.     Pursuant to 28 U.S.C. § 1446(a), a true and correct "copy of all process, pleadings, and orders served upon" Defendant in the State Court Action have been filed concurrently with this Notice of Removal in accordance with the local rules.

12.      In *Collings v. E-Z Serve Convenience Stores, Inc.*, 936 F. Supp. 892, 894-95 (N.D. Fla. 1996), Judge Vinson reasoned that application of the first served rule constituted an inequitable denial of a litigant's right to remove a case. Reading §1446(a) in parity with Rule 11, the district court held that each defendant must be allowed a full 30 days "[t]o investigate the appropriateness of removal." To rule otherwise "[o]pens the way for the plaintiff to deliberately avoid removal by delayed service upon a defendant anticipated to seek removal." The court further held that the initially served defendant who allowed the 30-day time period to run may join with a subsequently served defendant's removal petition.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

13.     As noted above, this Notice of Removal has been filed within thirty (30) days of the date that Defendant was served with the Plaintiff's Complaint, and, therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(1).

14.     The Panama City Division of the United States District Court for the Northern District of Florida is the judicial district embracing the place where the State Court case was brought and is pending and is, thus, the proper District Court to which this case should be removed.  See 28 U.S.C. §§ 89(c), 1441(a) & 1446(a). Moreover, Panama City is the proper division within the Northern District of Florida to which the case should be removed since Defendant is domiciled in Florida as a resident of Bay County and Plaintiff alleges that all relevant actions took place in Bay County. See, 28 U.S.C. §§ 1441(a), (e) & 1446(a); Exhibit "A". Promptly after filing this Notice of Removal, Defendant will provide written notice to Plaintiff, through their counsel, and will file a copy of this Notice of Removal with the Clerk of the Court for Bay County, Florida, as required by 28 U.S.C. § 1446(d).

15.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 1446(a).

16.     There are no pending motions or orders on file in the State Court action in Case No.: 20001532CA.

17.     Additionally, this Notice of Removal is being filed within one year from commencement of the action as required by 28 U.S.C. § 1446(b).

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

18.     The undersigned counsel represents and is authorized to represent that the Defendant consents to the removal of this action.  The undersigned counsel is Attorney of Record for Defendant and is authorized to act on behalf of Defendant in seeking Removal of this cause to the United States District Court, Northern District of Florida, Panama City Division.

19.     By this Notice of Removal, Defendant does not waive any objections or defenses it may have as to service of process, jurisdiction, or venue, or any other defenses or objections they may have to this action.  Defendant intends no admissions of fact, law, or liability by this Notice of Removal, and expressly reserve all objections, defenses and motions.

**WHEREFORE**, Defendant hereby removes this action from the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County, Florida, to the United States District Court for the Northern District of Florida, Panama City Division.

Dated:  September 24, 2020.

> COLE, SCOTT & KISSANE, P.A.
> *Counsel for Defendants BIG LOTS, INC. and*
> *BOND MANUFACUTRING CO., INC.*
> 890 South Palafox Street, Suite 200
> Pensacola, Florida 32502
> Telephone (850) 483-5900
> Facsimile (850) 438-6969
> E-mail: randall.rogers@csklegal.com
> E-mail: aaron.mccurdy@csklegal.com
> E-mail: roxane.hale@csklegal.com

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

By:   s/ Aaron T. McCurdy
RANDALL G. ROGERS
Florida Bar No.: 0195626
AARON T. McCURDY
Florida Bar No.: 0106499

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, via electronic delivery and U.S. Mail, on this 24th day of September, 2020, to the following: Clifford C. Higby, Esq., Kevin D. Barr, Esq., Bryant & Higby, & Barr, Chartered, chigby@bryanthigby.com, kbarr@bryanthigby.com, jarmstrong@bryanthigby.com, tbenner@bryanthigby.com, P.O. Box 860, Panama City, FL 32402, (850) 763-1787/(850) 785-1533 (F), Attorneys for Plaintiff.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant Palazzo Owners Association, Inc.*
890 South Palafox Street, Suite 200
Pensacola, Florida 32502
Telephone (850) 483-5900
Facsimile (850) 438-6969
E-mail: randall.rogers@csklegal.com
E-mail: aaron.mccurdy@csklegal.com
E-mail: roxane.hale@csklegal.com

By:   s/ Aaron T. McCurdy
RANDALL G. ROGERS
Florida Bar No.: 0195626
AARON T. McCURDY
Florida Bar No.: 0106499

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX