IN THE CIRCUIT COURT, FOURTEENTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA IN AND FOR BAY COUNTY, FLORIDA

PATRICIA PITTS,

    Plaintiff,

v.                                           CASE NO.: 20001532CA

PALAZZO OWNERS ASSOCIATION
INC.,

    Defendant.

## COMPLAINT

Plaintiff, Patricia Pitts (hereinafter "Plaintiff"), by and through her undersigned counsel, sues Defendant, Palazzo Owners Association, Inc. (hereinafter "Palazzo") and would show:

### PARTIES AND JURISDICTION

1. This is an action for damages which exceed $30,000.00.

2. At all times material, Plaintiff, Patricia Pitts was a resident of Baton Rouge, Louisiana.

3. At all times material, Defendant, Palazzo was the owner of real property located at 17281 Front Beach Road, Panama City Beach, Florida 32413, also known as "Palazzo Condominiums by Wyndham Vacation Rentals".

5. At the time of this incident, Plaintiff was an invitee on the premises located at 17281 Front Beach Road, Panama City Beach, Florida 32413.

6. At all times material, Defendant, Palazzo, was responsible for maintaining the premises including, but not limited to, the subject staircase where the subject incident occurred.

7. At all times material, Defendant, Palazzo was a registered Florida Corporation that conducted business in the state of Florida.

8. This Court has jurisdiction over Defendant, Palazzo pursuant to Florida Statute Section 48.193 (2019).

## GENERAL ALLEGATIONS

9. On July 14, 2018, Defendant owed Plaintiff the highest duty of care, including the duty to exercise reasonable care to maintain the premises in a safe condition and the duty to disclose latent defects and conditions present on the premises which were known or should have been known by Defendant, but which were not apparent to Plaintiff.

10. On July 14, 2018, Plaintiff was lawfully on the Defendant's premises as a guest of the resort.

11. On July 14, 2018, Plaintiff was descending down the staircase that leads from the pool deck at the Palazzo Resort to the beach when she slipped/tripped and fell.

12. Unknown to Plaintiff, the stairs were covered with sand which caused her to slip/trip and fall.

13. The sand on the stairs was not apparent to a reasonable business invitee such as the Plaintiff.

14. The sand created a dangerous condition as there were no warnings or signals indicating its presence or the risks of falling.

15. At all times material, Plaintiff exercised due care and caution for her own safety.

16. Defendant knew or should have known that invitees such as Plaintiff would utilize the subject staircase to access the beach.

17. It was the duty of the Defendant to exercise reasonable care to protect Plaintiff by inspecting and taking other affirmative actions to eliminate the danger of reasonably foreseeable injuries occurring from reasonably foreseeable uses of the subject staircase.

18. Defendant failed to perform regular maintenance and inspections of the subject staircase.

19. Regular maintenance and inspections of the subject staircase would have revealed sand present on the stairs which presented a latent slip/trip hazard to business invitees such as Plaintiff.

20. Regular maintenance and inspections of the subject staircase would have revealed the absence of warnings or signals indicating the potential for sand to accumulate on the steps and the hazards associated therewith.

21. Regular maintenance and inspections of the staircase could have prevented this accident.

22. Section 101.6 of the Standard Housing Code requires that all buildings, and all parts thereof, be maintained in a safe condition, and that all devices and safeguards be kept in good working order.

23. Section 101.6 of the Standard Housing Code further states that the owner is responsible for such maintenance.

24. Section 201 of American National Standards Institute (ANSI) Standard A117.1 provides technical criteria for making sites, facilities, buildings, and elements accessible.

25. Sections 4.3.2 and 4.14.1 of the Uniform Federal Accessibility Standards require the subject building be served by accessible routes that connect accessible buildings, facilities, elements, and spaces that are on the same site.

26. Section 1001.3 of the Florida Building Code requires that the means of egress be maintained in accordance with the Florida Fire Prevention Code, which incorporates the National Fire Protection Association (NFPA) 101 Life Safety Code.

27. Section 3.3.151.1 of the NFPA 101 Life Safety Code requires that the subject walking surface be compliant with the means of egress criteria.

28. Sections 4.5.3.2 and 7.1.10.1 of the NFPA 101 Life Safety Code require the continued maintenance of an unobstructed means of egress.

29. Sections 7.1.7.2.1 and 7.1.7.2.4 of the NFPA 101 Life Safety Code require that the presence and location of each step, and of ramped portions of walkways, be readily apparent.

30. Section 7.1.6.4 of the NFPA 101 Life Safety Code requires that walking surfaces shall be slip resistant under foreseeable conditions.

31. In response to the numerous accidents that occur on designated walkways, the American Society for Testing and Materials (ASTM) International has established the Standard Practice for Safe Walking Surfaces, F1637-95.

32. Section 1.1 of ASTM Standard F1637-5 indicates that the Standard applies to new and existing structures.

33. Section 3.1.11 of ASTM Standard F1637-5 defines slip resistance as the relative force that resists the tendency of the shoe or foot to slide along the walkway surface. Slip resistance is related to a combination of factors including the walkway surface, the footwear bottom, and the presence of foreign materials between them.

34. Section 3.1.14 of ASTM Standard F1637-5 includes stair treads among the walking surfaces within the scope of the Standard.

35. Section 3.1.14 of ASTM Standard F1637-5 requires that walkway surfaces shall be slip resistant under expected environmental conditions and use.

36. Section 4.7.1 of ASTM Standard F1637-5 requires that exterior walkways be maintained so as to provide safe walking conditions.

37. Defendant negligently violated provisions of the Standard Housing Code, ANSI standards, the Florida Accessibility Code for Building Construction, the Florida Building Code, the NFPA 101 Life Safety Code, ASTM standards, and Florida law by failing to maintain the subject walking surface (i.e. the stairs) in a safe condition.

38. Defendant negligently failed to issue adequate warnings to Plaintiff of the dangerous conditions of the walking surface at the time of the subject incident.

39. The failure to inspect and maintain the subject staircase created a dangerous, defective, and hazardous condition which was not apparent to invitees such as Plaintiff and posed an unreasonable risk of injury to invitees of the Palazzo Condominiums. Defendant knew or should have known of this condition, failed to warn business invitees of its existence, and failed to remedy the condition by performing periodic inspections, maintenance, and repairs.

### COUNT I – NEGLIGENCE - PREMISES LIABILITY

40. Plaintiff realleges and incorporates paragraphs 1 through 39 inclusive as if set forth herein verbatim and further allege:

41. Defendant, Palazzo owed a duty to Plaintiff to:

   a. exercise reasonable care to maintain the subject premises in a safe condition;

   b. reasonably inspect the property;

   c. correct dangerous conditions on the premises which it either knew or should have known existed;

   d. comply with the accessibility standards laid out in The Standard Building Code, American National Standards Institute (ANSI) standards, the Florida Accessibility Code for Building Construction, the Florida Building

Code, the National Fire Protection Association (NFPA) 101 Life Safety Code, and the American Society for Testing and Materials (ASTM) standards;

    e.    disclose latent and dangerous defects and conditions on the premises which were known or should have been known by Defendant, Palazzo, but which were not apparent to invitees such as Plaintiff.

42. Defendant, Palazzo breached its duty of reasonable care to Plaintiff and was negligent by:

    a.    failing to exercise reasonable care to maintain the subject premises in a safe condition

    b.    failing to reasonably inspect and maintain the property, specifically, failing to prevent foreign substances such as sand to accumulate on stairs;

    c.    failing to correct dangerous conditions on the premises which it either knew or should have known existed, specifically, failing to remove sand that accumulates on stairs and/or failing to provide warnings or signals indicating the presence of the sand on the stairs;

    d.    failing to warn of dangerous conditions which it either had or should have had greater knowledge than the Plaintiff, specifically, failing to provide warnings or signals indicating the presence of a slip/trip hazard on the stairs;

    e.    failing to comply with the accessibility standards laid out in The Standard Building Code, American National Standards Institute (ANSI) standards, the Florida Accessibility Code for Building Construction, the Florida

6

Building Code, the National Fire Protection Association (NFPA) 101 Life Safety Code, and the American Society for Testing and Materials (ASTM) standards;

43. As a direct and proximate result of Defendant, Palazzo's negligence, Plaintiff suffered serious permanent personal injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and physical therapy treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff sues Defendant, Palazzo, and demands judgment for damages, costs of this action, trial by jury, and any other relief this Court deems just.

*/s/*

Clifford C. Higby, Esq.
Florida Bar No.:   0793809
Kevin Barr, Esq.
Florida Bar No.:   0088938
**BRYANT, HIGBY, & BARR, CHARTERED**
12238 Panama City Beach Parkway
Panama City Beach, Florida 32407
Post Office Box 860
Panama City, Florida (32402)
(850) 763-1787 Telephone
(850) 785-1533 Facsimile
**Attorneys for Plaintiff**